10 CV 2788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

WORLDLINK SHIPPING LIMITED

                              Plaintiff,           10 CV

-v-

                                           **COMPLAINT FOR**

HSBC BANK USA, N.A.                   **DECLARATORY JUDGMENT**

                            Defendant.

------------------------------------------------------------------x

        Plaintiff, WORLDLINK SHIPPING LIMITED, (hereinafter "WORLDLINK"), by its attorneys, CHALOS & Co, P.C., as and for its complaint against Defendant, HSBC BANK USA, N.A. (hereinafter "HSBC"), alleges upon information and belief as follows:

<u>JURISDICTION AND VENUE</u>

        1.     Subject matter jurisdiction is conferred under this Court's Diversity Jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of USD 75,000.00 and is between citizens of a foreign state, as plaintiff, and citizens of a State, as defendants.

        2.     The Court has jurisdiction over Defendant because Defendant transacts business in the State of New York, within this judicial district.

        3.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c).

        4.     An actual controversy presently exists between the parties. That controversy is justiciable in character, and speedy relief is necessary to preserve Plaintiff's rights.

        5.     A declaratory judgment will terminate the uncertainty and controversy between the parties.

## THE PARTIES

6.    At all times material hereto, Plaintiff, WORLDLINK, was and still is a foreign business entity existing under the laws of Samoa.

7.    Upon information and belief, at all times material hereto, Defendant, HSBC, was and still is a corporation organized under the banking law of the State of New York and has offices located within this judicial district.

## FACTS

8.    On or about November 12, 2008, non-party Glory Wealth Shipping Pte Limited (hereinafter "Glory Wealth") filed a Verified Complaint in an action captioned <u>Glory Wealth Shipping Pte Limited v. Worldlink Shipping Limited</u>, S.D.N.Y. Docket No.: 08 Civ. 9788 (GBD), seeking an Order for the *ex parte* Rule B attachment of Plaintiff WORLDLINK's assets in the sum of USD 29,019,463.60.  The Order of Attachment (hereinafter "Glory Wealth NY Attachment Order") was issued by U.S.D.J. Gardephe on November 14, 2008.  A copy of the Glory Wealth NY Attachment Order is attached hereto as Exhibit "1".

9.    On or about November 18, 2008, non-party Flame S.A. (hereinafter "Flame") filed a Verified Complaint in an action captioned <u>Flame S.A. v. Worldlink Shipping Ltd.</u>, S.D.N.Y. Docket No.: 08 Civ. 9998 (GBD), seeking an Order for the *ex parte* Rule B attachment of assets in the sum of USD 1,811,670.67 belonging to non-party Worldlink Shipping Ltd., a company incorporated under the laws of the People's Republic of China (hereinafter "Worldlink Beijing").  The Order of Attachment (hereinafter "Flame NY Attachment Order") was issued by U.S.D.J. Daniels on November 19, 2008.  A copy of the Flame NY Attachment Order is attached hereto as Exhibit "2".

10.    Upon information and belief, pursuant to the process of maritime attachment and garnishment ("PMAG") that was served by Glory Wealth in the above-referenced matter (see ¶6), on or about December 9, 2008, garnishee Defendant HSBC, restrained within the Southern District of New York one (1) electronic fund transfer ("EFT") in the amount of USD 3,303,815.61. This EFT was being transferred for the benefit of Plaintiff, WORLDLINK.

11.    Upon information and belief, this EFT was also restrained within the Southern District of New York by Flame in connection with its own PMAG (see ¶9), in the amount of USD 1,811,670.67.

12.    Upon information and belief, following Defendant HSBC's restraint of USD 3,303,815.61 in the Southern District of New York, Defendant HSBC wrongfully and unilaterally transferred the attached EFT out of the Southern District of New York to a maritime holdover in the District of Delaware. This transfer, if it occurred, was in violation of both the Glory Wealth NY Attachment Order and the Flame NY Attachment Order.

13.    On or about July 26, 2009, U.S.D.J. Daniels granted Flame's motion for summary judgment in S.D.N.Y. Docket No. 08 Civ. 9998 (GBD), recognizing a judgment entered in the High Court of London against Worldlink Beijing in the amount of USD 4,917,779.97. A copy of the Judgment granting Flame's motion for summary judgment, confirming and recognizing the foreign judgment, is attached hereto as Exhibit "3".

14.    Thereafter, pursuant to C.P.L.R. § 5222, Flame purportedly served restraining notice(s) upon various financial institutions within this judicial district, including Defendant HSBC, seeking to restrain assets being held by the judgment debtor Worldlink Beijing.

15.    Upon information and belief, Flame is alleging that the very same USD 3,303,815.61 restrained by Defendant HSBC pursuant to the Glory Wealth NY Attachment

Order and/or the Flame NY Attachment Order was re-attached by Defendant HSBC pursuant to Flame's restraining notice(s).

16.    At the time Flame purportedly served restraining notice(s) upon Defendant HSBC, Flame did not have a money judgment issued by a New York Court.

17.    Upon information and belief, Flame's restraining notice(s) was invalid at the time it was served upon Defendant HSBC.

18.    On or about December 23, 2009, Flame commenced an action against Defendant HSBC in the Supreme Court of New York, County of New York, captioned Flame S.A. v. HSBC Bank USA, N.A., Index No.: 118073/09, moving for an Order pursuant to CPLR § 5225(b) which would direct HSBC to release the attached funds to Flame in partial satisfaction of its purported judgment. This motion remains *sub judice*.

19.    Flame did not have a money judgment issued by a New York Court until on or about February 5, 2010, when U.S.D.J. Daniels entered Judgment in the amount of USD 4,917,779.97 in favor of Flame against "Worldlink Shipping Limited."

20.    On or about January 20, 2010, Glory Wealth commenced a Rule B attachment action against Plaintiff WORLDLINK in the District of Delaware, captioned Glory Wealth Shipping Pte. Ltd. v. Worldlink Shipping Limited, D. Del. Docket No.: 10 CV 44 (GMS). Glory Wealth sought an order for the *ex parte* attachment of WORLDLINK's assets in the sum of USD 18,855,784.51. The Order of Attachment (hereinafter "Glory Wealth DE Attachment Order") was issued by U.S.D.J. Sleet on January 20, 2010 and reportedly served by Glory Wealth upon a branch of Defendant HSBC located in New Castle, Delaware, as garnishee. A copy of the Glory Wealth DE Attachment Order is attached hereto as Exhibit "4"

21.     Glory Wealth has argued that pursuant to its service of the Glory Wealth DE Attachment Order upon Defendant HSBC in New Castle, Delaware, on or about January 20, 2010, HSBC restrained Plaintiff WORLDLINK's assets in the amount of USD 3,303,815.61.

22.     Upon information and belief, Glory Wealth is alleging that the very same USD 3,303,815.61 restrained by Defendant HSBC in New York pursuant to the Glory Wealth NY Attachment Order and the Flame NY Attachment Order has now been re-attached by Defendant HSBC pursuant to the Glory Wealth DE Attachment Order.

23.     On or about February 5, 2010, U.S.D.J. Daniels issued Orders in S.D.N.Y. Docket Nos.: 08 Civ. 9788 and 08 Civ. 9998, vacating Glory Wealth and Flame's Rule B Orders of Attachment in light of the ruling of the Second Circuit Court of Appeals in The Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009).  Copies of Judge Daniels' Vacatur Orders in S.D.N.Y. Docket Nos.: 08 Civ. 9788 and 08 Civ. 9998 (hereinafter collectively "Vacatur Orders") are attached hereto as Exhibits "5" and "6", respectively.

24.     The statutory fourteen (14) day automatic stay of execution of the Vacatur Orders, provided by Federal Rule of Civil Procedure 62(a), expired on February 19, 2010.

25.     Counsel for Defendant HSBC has advised that the very same funds that were attached pursuant to Glory Wealth and Flame's Rule B Orders of Attachment in New York have been re-attached in Delaware.

26.     Despite repeated demands by Plaintiff, Defendant HSBC continues to wrongfully, willfully, negligently, and/or recklessly refuse to release the attached funds in compliance with U.S.D.J. Daniels' Vacatur Orders.

27.    Despite repeated demands by Plaintiff, Defendant HSBC has refused to identify where the funds in the amount of USD 3,303,815.61 are currently being held.

COUNT I

**DECLARATORY JUDGMENT**

28.    Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs one (1) through twenty-seven (27) as if set forth herein at length.

29.    The restraint by Defendant HSBC of electronic fund transfers being transferred to Plaintiff WORLDLINK and processed by HSBC as an intermediary bank was invalid under controlling Second Circuit law set forth in The Shipping Corporation of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58, 71 (2d Cir. 2009) (holding that "because EFTs in the temporary possession of an intermediary bank are not property of either the originator or the beneficiary under New York law, they cannot be subject to attachment under Rule B") and Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87 (2d Cir. Dec. 22, 2009) (holding that Jaldhi is to be applied retroactively).

30.    Pursuant to the authorities set forth in Paragraph 29 above, U.S.D.J. Daniels ordered the vacatur of the attachment of USD 3,303,815.61 presently being wrongfully withheld by Defendant HSBC.

31.    The Courts within this judicial district have consistently ruled that the improper attachment of an EFT is not cured merely because the funds may have been transferred by the garnishee to a separate holding account. See, e.g., Gloria E.N.E. v. Korea Line Corporation, 2009 U.S. Dist. LEXIS 106392 (S.D.N.Y. Nov. 14 2009) ("[T]he fact that the bank restraining the funds may have transferred the funds to a separate account does not remove them from the

scope of Jaldhi.  No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached.")

32.    Plaintiff therefore requests that the Court determine and adjudge that the attachment of USD 3,303,815.61 by Defendant HSBC was invalid *ab initio*; that the continued restraint of these funds at HSBC is wrongful and in violation of Second Circuit Law and U.S.D.J. Daniels' Orders; and that the subject funds must be immediately turned over to Plaintiff WORLDLINK pursuant to the Vacatur Orders.

**WHEREFORE**, Plaintiff prays that the Court enter judgment:

A.    Declaring that Defendant HSBC is wrongly withholding the release of said funds in the amount of USD 3,303,815.61 in violation of the Vacatur Orders of U.S.D.J. Daniels dated February 5, 2010 (*see* Exhibits "5" and "6"); and

B.    Declaring that Defendant HSBC must immediately turn over the funds in the amount of USD 3,303,815.61 to Plaintiff; and

C.    That Plaintiff may have such other, further and different relief as may be just and proper.


Dated: Oyster Bay, New York
       March 29, 2010

CHALOS & CO, P.C.
Attorneys for Plaintiff
WORLDLINK SHIPPING LIMITED

By: _____
George M. Chalos (GC-8693)
Kerri M. D'Ambrosio (KD-0249)
123 South Street
Oyster Bay, New York 11771
Tel: (516) 714-4300
Fax: (516) 750-9051
E-mail:gmc@chaloslaw.com
       kdambrosio@chaloslaw.com

EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GLORY WEALTH SHIPPING PTE.
LTD.,

                        Plaintiff,

            -against-

WORLDLINK SHIPPING LTD.,

                        Defendant.

**EX PARTE ORDER FOR PROCESS
OF MARITIME ATTACHMENT
AND GARNISHMENT**

08 Civ. 9788 (PGG)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/10/08

PAUL G. GARDEPHE, U.S.D.J.:

            WHEREAS on November 13, 2008, Plaintiff Glory Wealth Shipping Pte.

Ltd. filed a Verified Complaint herein for damages amounting to $29,019,463.60,

inclusive of interest, costs and attorneys' and arbitrators' fees, and praying for the

issuance of an ex parte order for Process of Maritime Attachment and Garnishment

pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and

Maritime Claims of the Federal Rules of Civil Procedure; and

            WHEREAS the attorney for Plaintiff has filed an Affidavit dated

November 12, 2008 describing the efforts made by and on behalf of the Plaintiff to find

and serve the Defendant within the District; and

            WHEREAS the Court has reviewed the Verified Complaint and Affidavit

and the conditions set forth in Supplemental Admiralty Rule B appear to exist with

respect to Defendant; and

            WHEREAS the Process of Maritime Attachment and Garnishment would

command that the United States Marshal or other designated process server attach any

and all of the Defendant's property within the Southern District of New York; it is hereby

MICROFILMED
NOV 17 2008 -12:00 PM

1

ORDERED that Process of Maritime Attachment and Garnishment shall issue against all tangible or intangible property belonging to, claimed by, or being held for the Defendant by any garnishees within this District, pursuant to Supplemental Admiralty Rule B; and it is further

ORDERED that any person claiming interest in the property attached or garnished pursuant to said order shall, upon application to the Court, be entitled to a prompt hearing at which the plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted; and it is further

ORDERED that supplemental process for enforcing this Court's order may be issued by the Clerk upon application within 30 days without further order of the Court; and it is further

ORDERED that counsel for plaintiff shall by January 14, 2009 advise the court by letter whether arbitration of the claims has been commenced and, if not, show cause by affidavit why the attachment should not be vacated; and it is further

ORDERED that following initial service by the United States Marshal or other designated process server upon each garnishee, that supplemental service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be accomplished by e-mail, facsimile transmission, or other verifiable electronic means, provided that such supplemental service accords with the garnishee's written rules or policies regarding service, if any. Such supplemental service shall be deemed to be made within the District if a natural person within the District caused the service to be transmitted to a garnishee having an office within the District; and it is further

ORDERED that service on any garnishee as described above is deemed to be effective and continuous service throughout the remainder of the day upon which such service is made, and is further deemed to be effective through the end of the next business day, provided another service is made the next business day ; and it is further

ORDERED that a copy of this Order be attached to and served with the Process of Maritime Attachment and Garnishment; and it is further

ORDERED that if any of the Defendant's property is attached, the Plaintiff shall give prompt notice of the attachment to the Defendant.  Such notice shall be in writing, and may be given outside of the District by telex, telegram, cable, facsimile transmission, or other verifiable electronic means.

Dated: New York, New York
      November 14, 2008

                        SO ORDERED

                        Paul G. Gardephe
                        United States District Judge

3

EXHIBIT 2

DANIELS/J

08

9998

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff
FLAME S.A.
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:    (646) 328-0120
Facsimile:    (646) 328-0121
William R. Bennett, III (WB 1383)
wbennett@bgmplaw.com

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: 11/19/08             │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

FLAME S.A.,                                                    08-CV-

                         Plaintiff,

        -against-                                   **EX PARTE ORDER FOR**
                                                    **PROCESS OF MARITIME**
WORLDLINK SHIPPING LTD.,                            **ATTACHMENT AND**
                                                    **APPOINTMENT TO**
                         Defendant.                 **SERVE PROCESS**
------------------------------------------------------------X

_____, District Judge:

        On November _18th_, 2008, Plaintiff filed a Verified Complaint seeking damages of US

$1,811,670.67 arising from Defendant's breach of a maritime contract. That same day, Plaintiff

also moved for the Court to issue, _ex parte_, Process of Maritime Attachment and Garnishment

("Process") under Rule B of the Supplemental Rules for Certain Admiralty Claims. The Process

would command the U.S. Marshal or other designated process server to attach any and all of the

Defendants' property within this District, up to the amount of Plaintiff's claim under the

contract.   The Court has reviewed the Verified Complaint and the supporting affidavit of

William R. Bennett, III, and finds that the requirements of Rule B appear to be satisfied.

        Plaintiff also sought to appoint Mr. Bennett, or any other person appointed by Bennett,

Giuliano, McDonnell & Perrone, LLP, counsel for Plaintiff, to serve Process in this matter. The

Court has reviewed Mr. Bennett's affidavit and found that the appointment would result in substantial economics in time and expense, and signed an Order of Appointment.

Accordingly, it is hereby

ORDERED that Process under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims shall issue against Defendants' assets in this district consisting of cash, funds, freight, and hire credits in the hands of BNP Paribas, Fortis Bank, JP Morgan Chase, Deutsche Bank, HSBC (USA) Bank, Doha Bank, American Express Bank, Citibank, and/or other New York City banks and financial institutions, in an amount up to and including US $1,811,670.67. It is further

ORDERED that William R. Bennett, III, or any other person at least 18 years of age and not a party to this action, appointed by Bennett, Giuliano, McDonnell & Perrone, LLP, be and hereby is appointed to serve process of attachment and garnishment in this matter.

ORDERED subsequent supplemental service may, with the consent of the garnishing bank or financial institution, be made by fax or email on the garnishing banks and financial institutions. It is further

ORDERED that any person claiming an interest in the property attached or garnished pursuant to this order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted. It is further

ORDERED that supplemental process enforcing this Order may be issued by the Clerk upon application without further order of the Court. It is further

ORDERED that a copy of this Order be attached to and served with the Process.

Dated: November _____, 200_ NOV 1 9 2008
       New York, New York

2

SO ORDERED    NOV 1 9 2008

*George B. Daniels*

UNITED STATES DISTRICT JUDGE

HON. GEORGE B. DANIELS

Z:\Casework\D Cases\D904 Flame S.A.\Pleadings\Rule B\ExParte-111708.doc

3

EXHIBIT 3

Case 1:08-cv-09998-GBD    Document 24    Filed 07/24/2009    Page 1 of 1

```
┌──────────────────────────────┐
│  D̶C̶   ̶ ̶M̶E̶N̶T̶                   │
│  E̶   ̶ ̶ ̶O̶N̶I̶C̶A̶L̶L̶Y̶ FILED       │
│  DO̶                           │
│  DATE FIL      7/24/09        │
└──────────────────────────────┘
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

FLAME S.A.,

                Plaintiff,

      -against-

WORLDLINK SHIPPING LTD.,
                Defendant.
------------------------------------------------------X

**08 CIVIL 9998 (GBD)**

## JUDGMENT

      Whereas the above-captioned action having come before this Court, and the matter having come before the Honorable George B. Daniels, United States District Judge, and the Court, on July 22, 2009, having rendered its Order granting plaintiff's motion for summary judgment, confirming and recognizing a foreign judgment issued by the High Court of Justice in London, England, it is,

      **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Order dated July 22, 2009, plaintiff's motion for summary judgment, confirming and recognizing a foreign judgment issued by the High Court of Justice in London, England, is granted.

**Dated:** New York, New York
       July 24, 2009

                          **J. MICHAEL McMAHON**
                                 Clerk of Court

             **BY:**
                                 Deputy Clerk

                     **THIS DOCUMENT WAS ENTERED
ON THE DOCKET ON** _____

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF DELAWARE

GLORY WEALTH SHIPPING PTE LTD.,   )
a foreign corporation   )
   )
              Plaintiff,   )
   )      **1 0 - 4 4**
              v.   )   Civil Action No. _____
   )
WORLDLINK SHIPPING LTD.,   )
a foreign corporation   )
   )
              Defendant.   )

## ORDER DIRECTING CLERK TO ISSUE PROCESS
## OR MARITIME ATTACHMENT AND GARNISHMENT
## AND APPOINTING PROCESS SERVER

On January 20th, 2010, Plaintiff, Glory Wealth Shipping Pte Ltd. ("Glory" or "Plaintiff"), filed a Verified Complaint in the captioned action seeking damages of $18,855,784.51 inclusive of interest, and seeking the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

The Court has reviewed the Verified Complaint and the Supporting Affidavit of James H. Power dated January 19, 2010 and finds that the conditions of Supplemental Admiralty Rule B appear to exist.

The Affidavit of James H. Power has demonstrated that the Defendant's property is located in this district, namely Defendant's assets being held in the maritime holdover account at HSBC Bank USA, N.A. in New Castle, Delaware.

**ACCORDINGLY, IT IS HEREBY**

**ORDERED**, that Process of Maritime Attachment and Garnishment shall issue against all goods, chattel, credits, letters of credit, bills of lading, debts, effects and monies, funds, credits, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire, sub-charter hire, or any other tangible or intangible property belonging to, claimed by, being held for or on behalf of, or being transferred for the benefit of the Defendant by HSBC Bank USA, N.A. in a bank account, more specifically defined as a maritime holdover account, upon whom a copy of the Process of Maritime Attachment and Garnishment may be served, at the time of service, in an amount of up to $18,855,784.51, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and, it is further,

**ORDERED**, that any person claiming an interest in any property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which the Plaintiff shall be required to show why the attachment and garnishment should not be vacated; and it is further,

**ORDERED**, that any person at least 18 years of age and not a party to this action, employed with or appointed by Fox Rothschild LLP, be and hereby is appointed to serve this Order and Process of Maritime Attachment and Garnishment on any garnishee identified in Schedule A to this Order and on such additional garnishees as permitted herein; and it is further,

**ORDERED**, that supplemental process specifying other or additional garnishees and enforcing the Court's Order may not be issued by the Clerk without further Order of the Court; and it is further,

**ORDERED**, that a copy of this Order be attached to and served with initial service of the Process of Maritime Attachment and Garnishment upon each garnishee; and it is further,

2

**ORDERED**, that upon determining that it is in possession of any property which may be subject to this Order, HSBC Bank USA, N.A. shall, as soon thereafter as is practicable, advise the Plaintiff of such details about the attachment as are reasonably available to it.

Dated:    Wilmington, Delaware
          January 20, 2010

**SO ORDERED:**

United States District Judge

EXHIBIT 5

EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
FLAME S.A.,

                             Plaintiff,

        -against-

WORLDLINK SHIPPING, LTD.,
                             Defendant.
-------------------------------------------------------------x

**ORDER**
08 CV 9998 (GBD)

GEORGE B. DANIELS, District Judge:

        Since the Second Circuit Court of Appeals has held that electronic fund transfers being processed by intermediary banks are not subject to attachment under Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure, Shipping Corp. of India Ltd. v. Jaldhi Overseas Pte Ltd., 585 F.3d 58 (2d Cir. 2009); and that its decision applies retroactively, Hawknet, Ltd. v. Overseas Shipping Agencies, 590 F.3d 87 (2d Cir. 2009),

**IT IS HEREBY ORDERED THAT:**

        This Court's Order, dated November 19, 2008, for the Issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B is vacated.


Dated: New York, New York
       February 5, 2010

                            SO ORDERED:

                                     *George B. Daniels*
                                  GEORGE B. DANIELS
                                United States District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 0 5 FEB 2010

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
WORLDLINK SHIPPING LIMITED.

|  |  |
|---|---|
| Plaintiff, | 10 CV |

-v-

HSBC BANK USA, N.A.                                **VERIFICATION OF
                                                   COMPLAINT**

                        Defendant.
--------------------------------------------------------------------x

Pursuant to 28 U.S.C. §1746, GEORGE M. CHALOS, Esq., declares under the penalty of perjury:

1.      I am a Member of the law firm of CHALOS & CO, P.C., counsel for the Plaintiff, WORLDLINK SHIPPING LIMITED, herein;

2.      I have read the foregoing Complaint and know the contents thereof; and

3.      I believe the matters to be true based on documents and information obtained from employees and representatives of the Plaintiff through its agents, underwriters and attorneys.

4.      The reason that this verification was made by deponent and not by the Plaintiff is because Plaintiff is a foreign corporation, whose officers are not in this district, and whose verification cannot be obtained within the time constraints presented by the circumstances of this case.

I declare under penalty of perjury that the foregoing is true and correct.

Chalos & Co ref: 2091.001

Dated: Oyster Bay, New York
       March 29, 2010

                              CHALOS & CO, P.C.
                              Attorneys for Plaintiff
                              WORLDLINK SHIPPING LIMITED

                    By: _____
                              George M. Chalos (GC-8693)
                              123 South Street
                              Oyster Bay, New York 11771
                              Tel: (516) 714-4300
                              Fax: (516) 750-9051
                              Email: gmc@chaloslaw.com