UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

– – – – – – – – – – – – – – – – – – – – x

| | |
|---|---|
| WORLDLINK SHIPPING LIMITED, | : |
| Plaintiff, | : |
| | : |
| – against – | : |
| | : |
| HSBC BANK USA, N.A., | : |
| Defendant. | : |

10 Civ. 2788

– – – – – – – – – – – – – – – – – – – – x

**HSBC'S MEMORANDUM IN RESPONSE
TO FLAME'S MOTION TO INTERVENE**

Defendant HSBC Bank USA, National Association ("HSBC") respectfully submits this memorandum in response to the motion of Flame, S.A. to intervene in this declaratory judgment action brought by Worldlink Shipping Limited ("Worldlink").

HSBC seeks only clarity in the instructions of the courts as the disposition of the funds it holds, without the risk of multiple liability or inconsistent adjudications.  In general the centralization of proceedings, putting all parties in one caption, will tend to advance that goal.  We therefore have no objection to Flame's intervention.

That said, two factors may counsel against the Court's investment of any energy in Flame's intervention motion:

*First*, as the Court underscored in its April 29 order, it is quite clear that Worldlink's complaint fails to state a claim on which relief can be granted.  The gravamen

of the complaint is that HSBC is wrongfully withholding Worldlink's money in violation of this Court's February 5, 2010, orders vacating the Rule B attachments obtained by Flame and by another Worldlink judgment creditor, Glory Wealth Shipping Pte. Ltd. ("Glory Wealth"). However, facts alleged by Worldlink (and in any event judicially noticeable) establish conclusively that HSBC's refusal to release the money to Worldlink, far from being wrongful, is instead required by law. *See* Worldlink Cmplt. ¶¶ 14-15 (discussing Flame's CPLR 5222 restraining notices), ¶¶ 20-22 (discussing January 2010 Rule B order obtained by Glory Wealth in the District of Delaware). The *Worldlink* action into which Flame would intervene is on death's door.

*Second*, HSBC has determined that its safest and most efficient course is to pay the subject funds into the registry of the Delaware court. We will attempt to obtain the consent of Flame, Glory Wealth and Worldlink to an order of the Delaware court directing HSBC to deposit the funds with that court and forbidding the three claimants from pursuing legal action against HSBC. If consent is not forthcoming, we will obtain the same result by interpleading the money in Delaware. In the Delaware interpleader action, HSBC will be entitled (in addition to an allowance for attorneys' fees) to an antisuit injunction barring the prosecution of this action and of the removed CPLR 5225 turnover proceeding entitled *Flame v. HSBC*, S.D.N.Y. Case No. 10 Civ. 2946. *See Pan Am. Fire & Cas. Co. v. Revere*, 188 F. Supp. 474, 483 (E.D. La. 1960) (J. Skelly Wright, J., observing that "it is of course essential that the interpleader court enjoin the institution or prosecution of other suits on the same subject matter elsewhere"); *see also General Ry. Signal Co. v. Corcoran*, 921 F. 2d 700, 707 (7th Cir. 1991) (noting that "Judge Wright's reasoning has garnered the support of commentators").

## Conclusion

Proceedings in this Court are going to come to an end very shortly. The *Worldlink* action is doomed, and prosecution of Flame's turnover proceeding will soon be enjoined. Flame, Glory Wealth and Worldlink will be left to resolve their differences before Chief Judge Sleet in Wilmington. In the circumstances, there are better uses of this Court's time than the consideration of Flame's motion to intervene.

Dated: New York, New York
      May 3, 2010

Respectfully submitted,

MAYER BROWN LLP

By: _____
Michael O. Ware
*mware@mayerbrown.com*

1675 Broadway
New York, N.Y. 10019
(212) 506-2500

*Attorneys for defendant HSBC Bank,*
   *National Association*